UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JAHI STONE,

                                              Plaintiff,

-against-

THE CITY OF NEW YORK, SERGEANT
DEMETRIA STARKS, shiled # 29210, SERGEANT
SUNIL SINGH, tax # 929179, POLICE OFFICER
SELENA HUNT, tax # 929759, POLICE OFFICER
JAMIE BLANDEBURGO, tax # 934498,
SERGEANT ERIC DELMAN, tax # 922228,
SERGEANT NIGEL PAUL, tax # 924732, POLICE
OFFICER TROY PEACOCK, tax # 940553,
POLICE OFFICER KRISTOFER ALLUA, tax #
936122, POLICE OFFICERS JOHN DOES 1 - 10,

                                              Defendants.
------------------------------------------------------------X

STIPULATION OF SETTLEMENT
AND ORDER OF DISMISSAL

10 CV 5944 (RRM) (JMA)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 3 1 2011 ★

BROOKLYN OFFICE

       **WHEREAS,** plaintiff commenced this action by filing a complaint on or about December 22, 2010, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

       **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

       **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

       **WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms set forth below;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendant, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants The City of New York, Sergeant Demetria Starks, Sergeant Sunil Singh, Police Officer Seleta Hunt, Sergeant Nigel Paul, Police Officer Jamie Blandeburgo, Sergeant Eric Delman, Police Officer Troy Peacock, and Police Officer Kristofer Allua, and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action, from the beginning of the world to the day of the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendant City's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the

United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation and settlement shall not be admissible in, nor is it related to, any other litigation or settlement negotiations. Plaintiff and his attorney further agree that neither the filing of the Complaint in this action, nor the settlement of this action, shall be asserted by him or his attorney in any other litigation or proceeding as evidence of wrongful conduct on the part of the City of New York, or any present or former employees or agents of the City of New York.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the defendants regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered

into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
      October 12, 2011

| THE LAW FIRM OF RICHARD J. CARDINALE | MICHAEL A. CARDOZO |
|---|---|
| Attorneys for Plaintiff | Corporation Counsel of the City of New York |
| 26 Court Street, Suite 1815 | Attorney for all Defendants Excluding John Does |
| Brooklyn, NY 11242 | 100 Church Street |
| (212) 822-1427 | New York, NY 10007 |
| | (212) 676-1307 |
| By: /s/ Richard Cardinale, Esq. | By: /s/ Gregory P. Mouton, Esq. |

SO ORDERED:

s/Roslynn R. Mauskopf

Dated: New York, New York
      Oct. 28, 2011

HON. ROSLYNN R. MAUSKOPF
UNITED STATES DISTRICT JUDGE